**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Stacy E. Pereira,<br><br>　　　　Plaintiff,<br><br>vs.<br><br>Michael J. Astrue, Commissioner of Social Security,<br><br>　　　　Defendant. | No. CV-10-0014-PHX-GMS<br><br>**ORDER** |

Presently before the Court is a Motion to Remand pursuant to sentence six of 42 U.S.C. § 405(g), filed by Defendant Michael J. Astrue, Commissioner of Social Security. (Doc. 19). For the reasons set forth below, the Court grants Defendant's Motion and remands this matter to the Commissioner for further administrative proceedings.

**BACKGROUND**

On March 13, 2007, claimant Stacy Pereira filed an application for Disability Insurance Benefits under Title II of the Social Security Act ("Act"), alleging a disability onset date of March 18, 2007. (R. at 21). The claim was denied initially on October 25, 2007, and upon reconsideration on February 12, 2008. (*Id*.). Plaintiff filed a timely request for a hearing, and, on January 9, 2009, an Administrative Law Judge ("ALJ") conducted a hearing on Plaintiff's claims. (*Id*.). At the hearing, Plaintiff, who was represented by counsel, testified along with a vocational expert.

1   In a decision dated April 20, 2009, the ALJ denied Plaintiff's application, finding that she was not disabled because "through the date last insured, the claimant did not have an impairment or combination of impairments that significantly limited [her] ability to perform basic work-related activities for 12 consecutive months." (R. at 23). Thus, the ALJ concluded she "was not under a disability, as defined in the Social Security Act, at any time from March 18, 2007, the alleged onset date, through March 31, 2007, the date last insured." (R. at 29). The ALJ's decision became the final decision of the Commissioner when the Appeals Council denied Plaintiff's request for review on November 6, 2009. (R. at 1–4).

Defendant's motion for remand is based on a subsequent, favorable decision by the agency, dated October 7, 2009, which granted plaintiff disability benefits at the initial level of review. (Doc. 19). Specifically, the Notice of Award indicates that Plaintiff "[met] all the rules to be eligible for SSI beginning March 13, 2007." (Doc. 19-2). In essence, the Commissioner requests a sentence six remand so that the agency can reconcile the ALJ's April 2009 finding that Plaintiff was not disabled through March 31, 2007, with the agency's subsequent finding that Plaintiff was disabled as of March 13, 2007. The Commissioner seeks remand on grounds that the subsequent, favorable decision constitutes new and material evidence that bears directly on the determination of the disability onset date.

**DISCUSSION**

Under the Social Security Act, 42 U.S.C. § 401, *et seq.*, there are only two kinds of possible remands. *Melkonyan v. Sullivan*, 501 U.S. 89, 99 (1991). Sentence four permits remand "in conjunction with a judgment affirming, modifying, or reversing the [Commissioner's] decision." *Id.* at 99–100 (citing 42 U.S.C. § 405(g)). Sentence six permits remand to allow the agency to take some further action, or to consider new evidence not presented previously. *See id.* at 100. Pursuant to sentence six, the Court may remand the case without ruling on the merits only in two situations: 1) "where the Secretary requests a remand before answering the Complaint," or 2) "where new, material evidence is adduced that was for good cause not presented before the agency." *Shalala v. Schaefer*, 509 U.S. 292, 297 n.2 (1993) (citing *Melkonyan*, 501 U.S. at 100 & n.2); *Sullivan v. Finkelstein*, 496 U.S. 617, 626

- 2 -

1  (1990)).[1] As Defendant's answer preceded the motion to remand, the only avenue left for
2  the Commissioner is the second. Thus, Defendant must demonstrate that Plaintiff's
3  subsequent favorable agency decision constitutes new and material evidence, and that there
4  is good cause for the failure to incorporate this evidence into the record in the prior
5  proceeding.

6  The Ninth Circuit has stated that "[n]ew evidence is material when it 'bear[s] directly
7  and substantially on the matter in dispute,' and if there is a 'reasonabl[e] possibility that the
8  new evidence would have changed the outcome of the . . . determination.'" *Luna v. Astrue*,
9  623 F.3d 1032, 1034 (9th Cir. 2010) (alterations and omissions in original) (citing *Bruton v.
10 Massanari*, 268 F.3d 824, 827 (9th Cir. 2001)). In addition, evidence is new and material
11 only where it relates to the period on or before the date of the ALJ's decision. *See* 20 C.F.R.
12 § 404.970.

13 Here, as in *Luna*, Plaintiff's first application for benefits was denied, her subsequent
14 application was granted, and the two decisions are not easily reconcilable based on the record
15 before the Court. The district court in *Luna* "held that the finding of disability based on
16 Luna's second benefits application was new and material evidence warranting remand for
17 further factual consideration because it commenced at or near the time Luna was found not
18 disabled based on the first application." *Luna*, 623 F.3d at 1034. Accordingly, the district
19 court "remanded for further administrative proceedings to reconsider whether Luna was
20 actually disabled during the period of time relevant to her first application." *Id*. Affirming
21 the district court's determination, the Ninth Circuit stated: "The 'reasonable possibility' that
22 the subsequent grant of benefits was based on new evidence not considered by the ALJ as

---

[1] The statutory text providing for such orders states the following: "The court may, on motion of the Commissioner of Social Security made for good cause shown before the Commissioner files the Commissioner's answer, remand the case to the Commissioner . . . and it may at any time order additional evidence to be taken before the Commissioner of Social Security, but only upon a showing that there is new evidence which is material and that there is good cause for the failure to incorporate such evidence into the record in a prior proceeding." 42 U.S.C. § 405(g).

part of the first application indicates that further consideration of the factual issues is appropriate to determine whether the outcome of the first application should be different." *Id.* (citing *Booz v. Sec'y of Health & Human Servs.*, 734 F.2d 1378, 1380–81 (9th Cir. 1984)). The justification for remand is even more persuasive here than in *Luna* because Plaintiff's subsequent favorable decision pertains, at least in part, to the same time period relevant to Plaintiff's first application. Based on the limited record before the Court, it appears that the two decisions are inconsistent because the first decision finds Plaintiff not disabled from March 18, 2007 to March 31, 2007, while the subsequent decision finds her disabled as of March 13, 2007.  Thus, for an overlapping period of 18 days, the decisions reach inconsistent results. Nothing in the record suggests why the favorable agency decision indicates March 13, 2007 as the disability onset date. Plaintiff may have presented different medical evidence to support her two applications, or there might be some other reason to explain the differing outcomes. In any event, given this uncertainty, remand for further proceedings is an appropriate remedy. *See Am. Bird Conservancy v. FCC*, 545 F.3d 1190, 1195 n.3 (9th Cir. 2008) ("The proper remedy for an inadequate record . . . is to remand to the agency for further factfinding.").

Accordingly, Plaintiff's subsequent, favorable benefits decision constitutes new and material evidence supporting remand. The Court also finds that good cause supports Defendant's failure to incorporate the new evidence into the prior administrative record because the new evidence did not exist at the time of the initial disability determination.

**IT IS HEREBY ORDERED:**

1. Defendant's Motion to Remand to the Social Security Administration pursuant to sentence six of 42 U.S.C. § 405(g)  is **GRANTED** (Doc. 19); and

/ / /

/ / /

/ / /

/ / /

/ / /

2.      The Clerk of the Court is directed to **REMAND** back to the Social Security Administration pursuant to 42 U.S.C. § 405(g), sentence six, for further administrative proceedings to reconsider whether Plaintiff was actually disabled during the period of time relevant to her first application.

DATED this 25th day of January, 2011.

*G. Murray Snow*
G. Murray Snow
United States District Judge

- 5 -